1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   LINEA HINGANO,                                 CASE NO. CV F 09-1881 LJO DLB

12                                                  **ORDER TO STRIKE ANSWER**
                             Plaintiff,             **AND TO STAY ACTION**
13                                                  (Docs. 8,9.)

             vs.
14
     CHANNING & ASSOCIATES,
15   LLC,

16                           Defendant.
                                                 /
17

18          On November 25, 2009, defendant Channing & Associates, LLC ("Channing") filed

19   correspondence which this Court construes as an answer to plaintiff Linea Hingano's complaint alleging

20   that Channing engaged in prohibited debt collection practices.  The correspondence is signed by "A

21   Terry Registered Agent."  There is no indication that an attorney represents Channing.  Channing is not

22   an individual who represents himself/herself and is a corporation, according to the complaint.

23          A "corporation may appear in the federal courts only through licensed counsel." *Rowland v.*

24   *California Men's Colony*, 506 U.S. 194, 202, 113 S.Ct. 716, 721 (1993); *United States v. High Country*

25   *Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993); *see Osborn v. President of Bank of United*

26   *States*, 9 Wheat. 738, 829, 6 L.Ed. 204 (1824); *Turner v. American Bar Ass'n*, 407 F.Supp. 451, 476

27   (N.D. Tex. 1975) (citing the "long line of cases" from 1824 holding that a corporation may only be

28   represented by licensed counsel).  All artificial entities must appear in federal court through counsel.

                                                   1

1   *Rowland*, 506 U.S. at 202, 113 S.Ct. at 721.  This Court's Local Rule 183(a) provides: "A corporation

2   or other entity may appear only by an attorney."

3          Channing fails to defend this action through licensed counsel.  As such, Channing's

4   correspondence filed on November 25, 2009 is not a proper answer to warrant its striking to that effect.

5          On the basis of good cause, this Court:

6          1.     STRIKES Channing's correspondence filed on November 25, 2009 as an answer to the

7                 complaint;

8          2.     ORDERS Channing, no later than December 31, 2009, to secure representation of

9                 licensed counsel and to appear in this action through licensed counsel;

10         3.     ADMONISHES Channing that this Court will enter default against Channing unless

11                Channing, no later than December 31, 2009, secures representation of licensed counsel

12                and appears in this action through licensed counsel;

13         4.     STAYS this action until December 31, 2009; and

14         5.     DENIES as moot plaintiff's motion to strike (doc. 9) given this order.

15         IT IS SO ORDERED.

16   **Dated:    December 4, 2009**                    **/s/ Lawrence J. O'Neill**
                                                   UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

2