1
2
3
4
5
6
7
8           **IN THE UNITED STATES DISTRICT COURT**
9           **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10
11   LINEA HINGANO,                              CASE NO. CV F 09-1881 LJO DLB

12                    Plaintiff,                 **ORDER TO ENTER DEFAULT**
                 vs.
13
     CHANNING & ASSOCIATES,
14   LLC,

15                    Defendant.
                                            /
16

17                              **INTRODUCTION**

18          On November 25, 2009, defendant Channing & Associates, LLC ("Channing") filed

19   correspondence which this Court construes as an answer to plaintiff Linea Hingano's complaint alleging

20   that Channing engaged in prohibited debt collection practices.  The correspondence is signed by "A

21   Terry Registered Agent."  There is no indication that an attorney represents Channing.  Channing is not

22   an individual who represents himself/herself and is a corporation, according to the complaint.

23          This Court's December 7, 2009 order ("December 7 order"):

24          1.       Struck Channing's correspondence filed on November 25, 2009 as an answer to the

25                   complaint;

26          2.       Ordered Channing, no later than December 31, 2009, to secure representation of licensed

27                   counsel and to appear in this action through licensed counsel; and

28          3.       Admonished Channing that this Court will enter default against Channing unless

                                              1

1    Channing, no later than December 31, 2009, secures representation of licensed counsel

2    and appears in this action through licensed counsel.

3    Channing disobeyed the December 7 order and failed to secure representation and appearance

4    by counsel.

## DISCUSSION

### Absence Of Counsel For Channing

7    As noted in the December 7 order, Channing fails to defend this action through licensed counsel.

8    A "corporation may appear in the federal courts only through licensed counsel." *Rowland v. California*

9    *Men's Colony*, 506 U.S. 194, 202, 113 S.Ct. 716, 721 (1993); *United States v. High Country*

10   *Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993); *see Osborn v. President of Bank of United*

11   *States*, 9 Wheat. 738, 829, 6 L.Ed. 204 (1824); *Turner v. American Bar Ass'n*, 407 F.Supp. 451, 476

12   (N.D. Tex. 1975) (citing the "long line of cases" from 1824 to the present holding that a corporation may

13   only be represented by licensed counsel).   All artificial entities must appear in federal court through

14   counsel.  *Rowland*, 506 U.S. at 202, 113 S.Ct. at 721.  This Court's Local Rule 183(a) provides: "A

15   corporation or other entity may appear only by an attorney."

16   Channing is not entitled to proceed without representation and appearance by licensed counsel.

### Failure To Comply With Order

18   In blatant disobedience of the December 7 order and this Court's Local Rule 183(a), Channing

19   attempts to defend this action without licensed counsel.  This Court's Local Rule 11-110 provides:

20   "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be

21   grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the

22   Court." District courts have inherent power to control their dockets and "[i]n the exercise of that power

23   they may impose sanctions including, where appropriate, default or dismissal of a case." *Thompson v.*

24   *Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  For instance, "where a corporation repeatedly fails

25   to appear by counsel, a default judgment may be entered against it pursuant to Rule 55." *Grace v. Bank*

26   *Leumi Trust Co. of N.Y.*, 443 F.3d 180, 192 (2nd Cir. 2006). In addition, a court may dismiss an action,

27   with prejudice, based on a party's failure to obey a court order or local rules. *See, e.g. Ghazali v. Moran*,

28   46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963

F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)  (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to enter default or to dismiss an action for failure to obey a court order or to comply with local rules, a court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the plaintiff, in the case of default, or to the defendant, in the case of dismissal; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24;  *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-1261; *Ghazali*, 46 F.3d at 53.

In this case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of default in that Channing has failed to advance this action with its unexplained failure to secured licensed counsel to defend Channing.  The third factor --  risk of prejudice to plaintiff -- also weighs in favor of default, since a presumption of injury arises from the occurrence of unreasonable delay.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of default discussed herein.  Finally, a court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-133; *Henderson*, 779 F.2d at 1424.  The December 7 order admonished Channing that "this Court will enter default against Channing unless Channing, no later than December 31, 2009, secures representation of licensed counsel and appears in this action through licensed counsel."  Thus, Channing received adequate warning that default would result from noncompliance with this Court's order and failure to secure counsel to represent and appear for Channing.  Quite simply, Channing has failed to comply with this Court's order and Local Rule to appear though licensed counsel.

1

**CONCLUSION AND ORDER**

2       For the reasons discussed above, this Court ENTERS default against Channing:  (1) on grounds

3   that Channing improperly attempts to defend in this action without licensed counsel; and (2) pursuant

4   to Local Rule 110 for Channing's failure to comply with this Court's order and Local Rule regarding

5   representation by counsel and to defend this action.

6       IT IS SO ORDERED.

7   **Dated:   January 4, 2010**                    /s/ Lawrence J. O'Neill
                                                    UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28